IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO TORRES (BOP Register No. 69166-180), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-3090-C-BN |
| WARDEN UNDERWOOD, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Roberto Torres, an inmate at BOP FCI Seagoville (an institution in the Dallas Division of this district), has filed a *pro se* Petition for Relief Pursuant To 28 U.S.C. § 2241 [Dkt. No. 3] (the "Section 2241 petition"). This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. The undersigned enters these findings of fact, conclusions of law, and recommendation that, construing the Section 2241 Petition as invoking 28 U.S.C. § 2255(e), the Court should dismiss it for lack of jurisdiction.

**Applicable Background**

Following a jury trial with his co-defendants (Jaime and Blanca Torres), Roberto Torres was convicted of conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846; conspiracy to import more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 952, 960, and 963; and

conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1) and (h). *See United States v. Torres*, No. 2:06-cr-76-AM (06) (W.D. Tex. 2008), *aff'd*, 346 F. App'x 983 (5th Cir. 2009) (per curiam), *cert. denied*, 559 U.S. 1022 (2010).

Through the Section 2241 petition, liberally construed, it appears that Torres brings a constitutional vagueness challenge to 21 U.S.C. § 841, a challenge to the amount of marijuana to which he was held accountable for sentencing purposes, and a challenge under the Fourth Amendment. *See generally* Dkt. No. 3.

## Legal Standards

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). That statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the

-2-

execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

But, because the Section 2241 petition "raises errors that occurred at or prior to sentencing," it "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78). And, under Section 2255's

> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable [United States] Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

## Analysis

At least as to his vagueness challenge to Section 841, Torres identifies several relatively recent Supreme Court decisions – *Johnson v. United States*, 135 S. Ct. 2551

-3-

(2015); *Welch v. United States*, 136 S. Ct. 1257 (2016); *Mathis v. United States*, 136 S. Ct. 2243 (2016); and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* Dkt. No. 3 at 3. But, while one of these decisions has been held retroactively applicable by the Supreme Court – *Johnson*, *see Welch*, 136 S. Ct. at 1265 – that decision merely held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [(the "ACCA")] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. And that "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony," much less call into question any aspect of Section 841. *Id.* That said, in the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity." *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)).

But, "[a]s *Johnson* and *Welch* address sentencing issues and have no effect on whether the facts of [Torres's] case would support his conviction for" the drug conspiracy, implicated by his challenge to Section 841, "they are not retroactively applicable Supreme Court decisions indicating that he was convicted of a nonexistent offense." *Shipp v. Chapa*, 698 F. App'x 202, 203 (5th Cir. 2017) (per curiam) (citations omitted).

Similarly, his current challenge to the drug quantity used to determine his sentence, presumably under the advisory Guidelines, is not a challenge "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," *Reyes-Requena*, 243 F.3d at 904, as

the United States Court of Appeals for the Fifth Circuit has held, in a related context, "that a claim of actual innocence of a [Guidelines] career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241," *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) (citing *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000)); *see, e.g., Wyatt v. Chapa*, No. EP-15-CV-28-PRM, 2015 WL 869134 (W.D. Tex. Feb. 27, 2015); *cf. Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."); *United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018) ("Taken together, the Supreme Court's recent trio – *Johnson* (2015), *Beckles* (2017), and *Dimaya* (2018) – convinces us that the Guidelines' continued use of § 16(b) for definitional purposes is constitutionally inoffensive.").

Further, Torres's claim under the Fourth Amendment – in addition to any other claim possibly raised in the Section 2241 petition – fails for the same reasons. He has not identified a Supreme Court case that could apply retroactively to establish that he was convicted of a nonexistent offense under the Fourth Amendment (or any other possible) theory he advances.

Thus, because the Section 2241 petition fails to raise any claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL

4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland*, 615 F.3d at 394; *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)); *see also Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss Petitioner Roberto Torres's Petition for Relief Pursuant To 28 U.S.C. § 2241 [Dkt. No. 3] for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 6, 2018

                                                        _____
                                                        DAVID L. HORAN
                                                        UNITED STATES MAGISTRATE JUDGE